By the Court.
Oakley, Ch. J.
It was admitted by tbe learned counsel for tbe plaintiffs, tbat if we are to be governed by tbe doctrine of tbe Court of Appeals in Blake v. Ferris, tbe defendant will be entitled to our judgment, and we are, therefore, to inquire whether there is any sound distinction tbat can justify us in exempting this ease from tbe controlling authority of tbat decision. We are satisfied, upon full consideration, tbat there is no such distinction, and I shall proceed to state briefly tbe reasons tbat bave led us to this conclusion.
Tbe general rule tbat Blake v. Ferris establishes, is that a pér-son for whom work of any descriptioii is in a course of performance, under a contract, is not answerable for any’injuries tbat may result to third persons from tbe misconduct or negligence of tbe workmen or servants of tbe contractor; and tbe ground of tbe decision is, tbat as tbe persons so employed are not subject, in tbe discharge of their duties, to tbe orders, direction, or control of tbe person for whom tbe work is contracted to be done, tbe maxim of “ respondeat superior,” upon wbicb alone bis liability could be founded, has no application. It is not denied tbat tbe terms of tbe rule embrace tbe ease before us; it is not denied tbat tbe injuries of which tbe plaintiffs complain were occasioned solely *428 by the negligence of persons in the' employ of the contractors; nor is it denied, that between these persons and the defendant there was no such relation of principal- and agent, or master and servant; as could render him liable for the damages, which the plaintiffs seek to recover. It is upon another and entirely distinct ground that the defendant is sought to be charged. • He was the owner of the building which was in the course of construction, and to which the leader and spout were attached through which the waters flowed that flooded the premises and damaged the property of the plaintiffs, and it is contended, that the single fact, that at the time of the accident he was such owner, is alone sufficient to render him liable for the consequences that followed.
We do not think so. The argument for the plaintiffs rests entirely on the broad proposition, that the' owner of fixed real property is answerable, in all eases, for any'injuries that may result to others from its actual state or condition, no matter to what cause ⅛ state or condition may be owing, nor how temporary it may be in its character or duration; and to the proposition thus stated we cannot assent. It may possibly be true, when the owners are in the actual occupation of the property, but it is certainly not true when the property is in the occupation of a tenant, unless it is shown that its state and condition were known to the owner, and that it was in his power to have prevented the injuries that followed. To hold that the owner is hable, when it appears that the injury, for which damages are claimed, was' occasioned' solely by the misconduct or negligence of the tenant himself, without any knowledge, interference, or means of prevention on the part of the owner, it seems to us, would be a perversion of law and justice, and we think it may be affirmed with confidence, that no case is to be found in which the liability of an owner has been carried to this extent. In our opinion, the liability of the owner depends, in all cases, upon a just application of the maxim, “Sic utere tuo, ut alienum non Icedas.” It therefore exists only when he is justly chargeable with á violation or neglect of some duty, which his relation to the property as owner may be properly held to impose; and in the application of this rule we can see no ground for making a distinction between the liability of the owner for the misconduct or negligence of a contractor, and his liability for the misconduct or negligence *429 of a tenant. In both, cases, in order to render Mm liable, the fact that the misconduct producing the injury for wMeh damages are claimed, was known to Mm, and that it was his duty, and in his power to have prevented its consequences, are necessary to be proved. The employment of the contractor is, in its nature, just as independent of the will of the owner, as the ordinary conduct of the tenant; and when the contract is for the construction of an entire building, the ground, upon which the building is to be erected, is just as truly in the occupation of the contractor, as the ground covered by a lease is m the occupation of the tenant. The possession, as necessary to the prosecution of the work to which the contract relates, is just as certainly vested in the contractor, by force of his contract, as the possession of demised premises is vested in the tenant, by force of his lease. It is said, that the owner, whenever he may please, in the mere exercise of Ms own will, may remove the contractor from the possession, but if this power belongs to Mm as owner — which we neither affirm nor deny — it is not a power which he is bound to exercise, or can be justified in exercising, unless the known misconduct of the contractor has been such as to render its exercise a positive duty; and until it is exercised, the possession of the contractor is the possession of the owner, only in the same sense in which the possession of a tenant is, in judgment of law, that of his landlord. In each case, the possession is derived from the owner, and is held in subjection to his paramount title, but in both, the possession, so long as it continues, is exclusive. In our opinion, therefore, there is no reason whatever for holding that the responsibility of the owner for injuries to third persons during the continuance of this possession is greater in the one case than in the other. We think that in reason and in law the cases, in this respect, are not distinguishable.
But although we cannot hesitate to reject the proposition on wMch the counsel for the plaintiffs was obliged to rest his case, we cannot say that it is wholly destitute of authority. It must be admitted that it is fully sustained by the decision of the Supreme Court of Massachusetts, in the case of Lowell v. Boston and Lowell Railroad Company, (23 Picker. 24,) and by that of the Court of Common Pleas in England, in the much earlier case of Bush v. Steinman, (1 Bos. & Pull. 404;) but we hold it to be quite certain *430 that neither of these cases can now be regarded as law. The opinion of the conrt in Lowell v. Boston Railroad Company, is expressed in terms that render it irreconcilable with all the leading cases bearing on the question, both in England and in this state, and the decision is in onr opinion inconsistent with the subsequent decision of the same court in Earle v. Hall, (2 Metc. 353,) and, although not in terms, yet in effect, was overruled by the judgment which Chief Justice Shaw, as the organ .of the court, then delivered. In England, the case of Bush v. Steinman was denied to be law, and was expressly overruled by the Court of Exchequer, in Reddie v. London and North Western Railroad, (4 Excheq. 244,) and, as we understand the opinion of Mr. Justice Mullett was meant to be overruled by the Court of Appeals in Blake v. Ferris. It may be true, that if we examine with attention the facts that were in evidence in Blake v. Ferris, we shall be satisfied that the question whether -the defendants were Hable as owners of the real property to which the contract related, did not properly arise; but it is nevertheless true, that the question was, in fact, raised, and was entertained by the court and discussed by the counsel, and, if the opinion of Mr. Justice Mullett is to be considered throughout, as also the opinion of his brethren, was decided by the court, as the same question is now decided by ourselves — namely, that the mere fact, that a contract relates to real property, makes no difference in the liability of the owner for the misconduct or negligence of the contractor or his servants. He is not liable for an' injury for which a compensation in damages is sought, unless it is proved that the injury was owing to some violation or neglect of his own personal duties. In stating this to be the law, we are not to be understood as saying that there are no cases in which an action for damages may be maintained against the owner for an injury directly resulting from an act of the contractor or his servants. When the act cannot be imputed to the negfigence or misconduct of the contractor, but is done in execution of the contract and in accordance with its terms, it is against the owner, as the person primarily, if not solely liable, that the action is properly brought, and it was upon this ground that the Court of Queen’s Bench in Ellis v. Sheffield Gas Company, (22 L. and Eq. R. 198,) and this court, in Lacour v. Mayor of New York, (3 Duer, 405,) held that the plaintiffs were *431 entitled to recover. So, where the act or neglect of a tenant or contractor creates a nuisance, with a knowledge of the existence of which the owner is justly chargeable, it may be admitted, that in the exercise of his powers as owner, he is bound to prevent the continuance of the nuisance, and that his neglect in the performance of this duty, will render him liable to third persons for the damages, which they are shown to have sustained.
As it is not, and cannot be pretended that the ease before us falls within either of these exceptions, it follows, from the observations that have been made, that the verdict for the plaintiffs, as contrary to law, must be set aside, and that the defendant is entitled to our judgment, dismissing the complaint with costs.
Judgment accordingly.